UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| NOEL VALDIVIA,<br><br>　　　　Petitioner,<br><br>　vs.<br><br>ROBERT L. AYERS, Warden,<br><br>　　　　Respondent.<br>_____/ | No. C 08-3225 PJH (PR)<br><br>**ORDER TO REOPEN CASE; DENIAL OF HABEAS PETITION AND DENIAL OF CERTIFICATE OF APPEALABILITY** |

This is a habeas corpus case filed by a state prisoner pursuant to 28 U.S.C. 2254. The petition is directed to a denial of parole. This case was stayed as the Eastern District of California had granted a petition filed by petitioner seeking parole in an earlier case which was appealed to the Ninth Circuit and had been pending. The Ninth Circuit reversed the Eastern District's order granting parole in light of *Swarthout v. Cooke*, 131 S. Ct. 859 (2011). *See Valdivia v. Brown*, 08-15650.[1]

**BACKGROUND**

In 1981 petitioner pled guilty in Los Angeles Superior Court to first degree murder. He received a sentence of twenty-five years to life in prison.

**DISCUSSION**

As grounds for federal habeas relief, petitioner asserts that: (1) there was not "some evidence" to support the denial of parole; (2) the Board violated his due process and Eighth Amendment rights by using characteristics of the offense both as grounds to deny parole and to not schedule another hearing for two years; (3) the Board's criteria for parole release are unconstitutionally vague; (4) the Board is not impartial; and (5) the denial was a

---

[1] It appears petitioner has since been paroled.

violation of his plea bargain.

On January 24, 2011, the United States Supreme Court issued *Swarthout v. Cooke*, 131 S. Ct. 859 (2011). The Supreme Court held that "[i]n the context of parole . . . the procedures required [by the due process clause] are minimal . . . an opportunity to be heard and . . . a statement of the reasons why parole was denied . . . '[t]he Constitution . . . does not require more." *Swarthout v. Cooke*, 131 S. Ct. 859, 862 (2011). As long as the petitioner received at least that much process, the federal court's habeas review is at an end. *Id.* at 862. That is, there is no constitutional right to "individual consideration."

Thus, petitioner's claims involving the "some evidence" that the Board relied on or the reliance on his commitment offense are not cognizable on federal habeas review. Similarly, petitioner's conclusory claims that the Board violated his due process rights or their regulations are vague do not state a federal claim, as he has raised no arguments concerning the basic procedures he is entitled to as described in *Swarthout*, and the court cannot review the evidence relied upon by the Board. Petitioner has presented no support for his allegation that the Board was biased, nor is there any merit to his claim that his plea bargain was violated by the denial of parole. Petitioner was sentenced to twenty-five years to life in prison, so only retained the possibility of parole. Petitioner's sentence of twenty-five years with the possibility of parole carries no guaranteed parole date, and carries with it the potential that he could serve the entire term. *See Pearson v. Muntz*, 639 F.3d 1185, 1187 (9th Cir. 2011) (explaining that prisoners serving indeterminate life prison sentences [i.e., those whose life sentences do not include 'without the possibility of parole'] may serve up to life in prison, but may be considered for parole after serving minimum terms of confinement). For all these reasons, the petition is denied.

## CONCLUSION

1. The stay in this case is lifted and the case is **REOPENED**.

2. The petition is **DENIED**. Furthermore, because reasonable jurists would not find the result here debatable given the clear controlling Supreme Court authority, a certificate of appealability ("COA") is **DENIED**. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000)

(standard for COA).  The clerk shall close the file.

**IT IS SO ORDERED.**

Dated:  May 1, 2013.

                                    PHYLLIS J. HAMILTON
                                    United States District Judge

G:\PRO-SE\PJH\HC.08\Valdivia3225.HC.wpd